## In re Merion Title & Trust Company of Ardmore. No. 2

462

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■

*John H. Longaker*, for accountant.
*Russell J. Brownback*, for exceptant.

KNIGHT, P. J., July 21, 1941.—In the following opinion, the Secretary of Banking, receiver of The Merion Title & Trust Company of Ardmore, will be referred to as "Receiver"; the Bryn Mawr Trust Company, substituted trustee, as "Trustee"; and the defunct trust company, as "Merion".

To the adjudication handed down by this court, in the above matter, the trustee has filed 13 exceptions, and the receiver, four.

At the outset, we are met with a question of practice. The above account was filed, and the receiver filed four exceptions. These exceptions were dismissed by the court: In re Merion Title & Trust Company of Ardmore, 41 D. & C. 282.

Was this a final judgment, from which an appeal should be taken to the appellate courts, or was it in the nature of an adjudication in the orphans' court and subject to exception?

Our rules of court are silent on the subject.

We are of the opinion that our first consideration of the exceptions filed to the account should be treated as an audit of the account by the court, and that the exceptions filed to our adjudication are properly before us.

We take this view more readily, because the parties desire the adjudication to be reviewed, and the court welcomes the opportunity to review it.

The eighth, ninth, and twelfth exceptions filed by the trustee may be easily disposed of.

The thirteenth account of the trustee shows that $8,000 face value of the guaranteed mortgage certificates were owned by Merion outright at the time of the closing. In our adjudication we said nothing about these certificates, for it was agreed in the stipulation filed that the receiver had no claim to the dividends due upon them. The trustee desires some direction from the court as to what should be done with these dividends.

The eighth, ninth, and twelfth exceptions are accordingly sustained, and the trustee authorized and directed to distribute all accrued and all future dividends declared on the aforementioned $8,000 face value of the certificates to the certificate holders other than the receiver.

The first exception of the trustee and the first exception of the receiver are pointed at our finding that $36,000 face value of the certificates are registered in the names of Arnold and Boyce.

The original stipulation was silent on this point, but the supplemental stipulation subsequently filed shows that after the closing of Merion the receiver had the certificates registered in his name. The receiver contends that this was done as a matter of general practice and that it in no wise affects the status of the certificates as collateral for the loans of Arnold and Boyce.

We doubt the legality of this informal transfer.

The pledge agreement empowered the pledgee, Merion, to sell the collateral at public or private sale, which admittedly was not done, and unless such sale was had there could be no valid transfer of title to the certificates. At the time of filing the thirteenth account the certificates were in fact registered in the name of the receiver, whether properly so or not, and

the first exception of the receiver and the first exception of the trustee must be sustained.

The remaining exceptions are all involved in the two following propositions:

First, the trustee contends that the court erred in not awarding the dividends on the Arnold and Boyce certificates to it for immediate distribution among the certificate holders other than the receiver, Arnold, and Boyce.

Second, the receiver contends that the court erred in not awarding these dividends to him for distribution at the present time.

We are of the opinion that the relation of pledgor and pledgee still exists between the receiver and Arnold and Boyce so far as the certificates are concerned; and that these certificates must be viewed as collateral and not as the property of the receiver, although now registered in his name.

We take this view because, as we have above stated, there has been no valid transfer of the title of the certificates, and for the further reason that section 712 of the Banking Code of May 15, 1933, P. L. 565, provides that the status of the parties shall become fixed on the date the Secretary of Banking takes possession of the business and property of a banking institution as receiver. In the present instance, when the secretary took possession of Merion, Arnold and Boyce were not in default in their loans, and the relationship of pledgor and pledgee existed between them and Merion.

At the earnest invitation of counsel for the trustee we have reviewed Boyd v. Conshohocken Worsted Mills, 149 Pa. 363. This case is certainly authority that dividends on stock of a corporation registered in the name of a pledgee belong to the pledgee and not the pledgor.

If, however, the status of the parties was fixed by the Banking Code of 1933, as of the closing of Merion, we find that, at that time, the certificates were registered in the names of Arnold and Boyce, who were not

then in default in their loans with Merion. As we view it, the claim of the receiver to the dividends in question does not arise by reason of ownership of the certificates but by reason of the debts of Arnold and Boyce to Merion. In other words, the receiver is claiming, by virtue of the pledge agreements, the dividends due Arnold and Boyce. What he is attempting to do is to enforce the lien of Merion on the collateral of these two debtors. It follows then that the certificates belong to Arnold and Boyce and hence the dividends on these certificates are also the property of these men, subject to the lien of Merion.

If the dividends are paid to the receiver they must be credited to the loans of Arnold and Boyce, and if this be done we see no reason why the amount thereof should not be distributed immediately among the depositors of Merion.

This opinion is supplemental to our opinion filed in this case on January 31, 1941.

And now, July 21, 1941, the first, eighth, ninth, and twelfth exceptions filed by the trustee are sustained; the third, fourth, fifth, sixth, seventh, tenth, and eleventh exceptions, as filed by the trustee, are dismissed. The thirteenth exception, so far as it applies to the third exception to the account, is sustained.

The first, second, and third exceptions filed by the receiver are sustained. The fourth exception, so far as it applies to the third exception to the account filed, is sustained; so far as it applies to the first and second exceptions to the account filed, it is dismissed.

The dividends on $8,000, face value of mortgage trust certificates owned by Merion at the time of closing, as well as all future dividends on these certificates, shall be distributed among the certificate holders, other than the receiver.

The dividends on $36,000, face value of mortgage trust certificates, formerly registered in the names of Arnold and Boyce, as well as all future dividends on

these certificates, shall be paid to the receiver, to be credited on the loans due by Arnold and Boyce to Merion.